John J. Nelson (317598)
**Milberg Coleman Bryson Phillips Grossman, PLLC**
280 S. Beverly Drive
Beverly Hills, CA 90212
Telephone: (917) 471-1894
Fax: (865) 522-0049
Email: jnelson@milberg.com

*Counsel for Plaintiff
and the Putative Class*



Dated: November 9, 2022

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNOR ROWE, individually and on behalf of all others similarly situated, | Case No: 3:22-cv-03608 |
| Plaintiff, | **REQUEST FOR DISMISSAL WITHOUT PREJUDICE** |
| v. | |
| STERLNG VALLEY SYSTEMS INC. d/b/a/ INNTOPIA, a Vermont corporation, | |
| Defendant | |

**TO THE CLERK OF THE NORTHERN DISTRICT OF CALIFORNIA AND ALL COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** Plaintiff Connor Rowe, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), notices the dismissal of his Class Action Complaint against Defendant Sterling Valley Systems Inc. d/b/a Inntopia, a Vermont Corporation, without prejudice as to Plaintiff's individual claims, and without prejudicing any claims of absent putative class members.

Dismissal is proper under Rule 41(a)(1)(A)(i), as Defendant has not served its answer or a motion for summary judgment in this action.

A class has not been certified in this action; thus, this voluntary dismissal does not implicate the requirements of Rule 23(e).  FED. R. CIV. P. 23(e) ("The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."); Committee Notes on Rule 23 – 2003 Amendment ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.").

Additionally, pursuant to the Court's Chamber Rules, the dismissal would not prejudice the absent putative Class Members.  Under the standard cited by the Chambers Rules, the Court must assess potential prejudice to the putative class members from: (1) "possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances"; (2) "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations"; and (3) "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Dunn v. Tchrs. Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016) citing *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989).

Here, there is no evidence the case has been widely publicized (at least outside the normal media associated with the filing of any lawsuit) or that any putative class members are relying on this action. *Mahan v. Trex Co.*, No. 5:09-CV-00670 JF PVT, 2010 WL 4916417, at *3 (N.D. Cal. Nov. 22, 2010) ("With respect to 'reliance' on the part of absent putative class members, '[t]he danger of reliance is ... generally limited to actions that would be considered of sufficient public interest to warrant news coverage of either the public or trade-oriented variety [, and such reliance] can occur only on the part of those persons learning of

the action who are sophisticated enough in the ways of the law to understand the significance of the class action allegation.'").

Additionally, the data breach and phishing scheme that is described within the Complaint occurred in November of 2021 and was only detected in February of 2022. *Connor Rowe v. Sterling Valley Systems Inc. d/b/a Inntopia.*, 3:22-cv-03608 (N.D. Cal.), ECF No. 1 at ¶ 6. Accordingly, putative class members have approximately a year and a half to bring tort-based claims and three and a half years to bring any contract-based claims. *See* Cal. Code of Civ. Proc. §§ 335.1, 337(a). Additionally, these claims may be subject to equitable tolling since the date this putative class action complaint was filed. *See American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 559 (1974); *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985). There is sufficient time to bring an action, if necessary. *See Dunn,* 2016 WL 153266, at *7.

Finally, Plaintiff has not made any concessions of the class interests. As noted above, the dismissal is without prejudice and absent class members will maintain their legal rights. Additionally, data breach cases are known for their difficult in certifying. As one California federal court noted in denying certification:

> [W]hether each class member's personal information was actually exposed; whether each class member actually suffered from identity theft after the hard drive was stolen; whether this identity theft is traceable to the stolen hard drive; whether the class member previously took measures to protect their personal information from such identity theft; when and whether each class member enrolled in the credit and identity protection services offered by Defendant; and whether each class member relied on Defendant's representations regarding circumstances surrounding the security breach and the procedures in place to safeguard his or her personal information.

*Gardner v. Health Net, Inc.*, No. CV 10–2140 PA, 2010 WL 11579028, at *4 (C.D. Cal. Sept. 13, 2010).  Accordingly, Plaintiff's dismissal should not be seen as the result of any potentially self-interested action.  *Tombline v. Wells Fargo Bank, N.A.*, No. 13-CV-04567-JD, 2014 WL 5140048, at *3 (N.D. Cal. Oct. 10, 2014) (noting when the dismissal "does not prevent putative class members from pursuing claims, they are not likely, as a general matter, to be prejudiced.").

       Therefore, pursuant to Rule 41(a)(1)(A)(i), Plaintiff may notice dismissal of this case, without leave of the Court.

Dated: November 8, 2022                    Respectfully submitted,

                                                 */s/ John J. Nelson*
                                                 John J. Nelson (317598)
                                                 **Milberg Coleman Bryson**
                                                 **Phillips Grossman, PLLC**
                                                 280 S. Beverly Drive
                                                 Beverly Hills, CA 90212
                                                 Telephone: (858) 209-6941
                                                 Fax: (865) 522-0049
                                                 Email: jnelson@milberg.com